UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:13CV-00126-HBB

MICHELLE HEAD                                                          PLAINTIFF


VS.


CAROLYN W. COLVIN, Acting
Commissioner of Social Security                                        DEFENDANT


MEMORANDUM OPINION
AND ORDER


BACKGROUND

        Before the Court is the complaint (DN 1) of Michelle Head ("Plaintiff") seeking judicial

review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g).   Both the

Plaintiff (DN 17) and Defendant (DN 18) have filed a Fact and Law Summary.

        Pursuant to 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73, the parties have consented to the

undersigned United States Magistrate Judge conducting all further proceedings in this case,

including issuance of a memorandum opinion and entry of judgment, with direct review by the

Sixth Circuit Court of Appeals in the event an appeal is filed (DN 12).   By Order entered March 4,

2014 (DN 13), the parties were notified that oral arguments would not be held unless a written

request therefor was filed and granted.   No such request was filed.

<u>FINDINGS OF FACT</u>

Plaintiff filed an application for Period of Disability, Disability Insurance Benefits and Supplemental Security Income payments on March 15, 2011 (Tr. 184, 194). Plaintiff alleges that she became disabled on June 14, 2010 as a result of thyroid issues, back pain, seizures, and migraines (Tr. 237). Administrative Law Judge Kathleen M. Thomas ("ALJ") conducted a video hearing from Paducah, Kentucky on June 14, 2012 (Tr. 12, 33). Plaintiff and her attorney, Bradley Rhoads, attended the hearing in Owensboro, Kentucky (Tr. 12, 31). Also present and testifying was William Harpool, an impartial vocational expert (Tr. 31-61).

In a decision dated August 7, 2012, the ALJ evaluated this adult disability claim pursuant to the five-step sequential evaluation process promulgated by the Commissioner (Tr. 12-25). At the first step, the ALJ found Plaintiff has not engaged in substantial gainful activity since June 14, 2010, the alleged onset date (Tr. 14). At the second step, the ALJ determined that Plaintiff has the following "severe" impairments within the meaning of the regulations: multiple sclerosis, degenerative disc disease, hypothyroidism, migraine headaches, and an affective disorder (Tr. 15). At the third step, the ALJ concluded that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in Appendix 1 (Tr. 15).

At the fourth step, the ALJ found Plaintiff has the residual functional capacity to perform less than a full range of medium work (Tr. 16). More specifically, the ALJ found that Plaintiff's mental impairment limits her to performing tasks of a fixed nature that do not require sustained attention to detail for intervals of longer than two hours and limits her to having no more than brief, task-focused interaction with the general public (Tr. 16). Relying on testimony from the impartial vocational expert, the ALJ found that Plaintiff has no past relevant work (Tr. 24).

The ALJ proceeded to the fifth step where she considered Plaintiff's residual functional

capacity, age, education, and past work experience as well as testimony from the vocational expert (Tr. 24-25). The ALJ found that Plaintiff is capable of performing a significant number of jobs that exist in the national economy (Tr. 24). Therefore, the ALJ concluded that Plaintiff has not been under a "disability," as defined in the Social Security Act, from June 14, 2010 through August 7, 2012, the date of the decision (Tr. 25).

Plaintiff timely filed a request for the Appeals Council to review the ALJ's decision (Tr. 7-8). The Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1-3).

CONCLUSIONS OF LAW

A.

The Social Security Act authorizes payment of Disability Insurance Benefits and Supplemental Security Income to persons with disabilities. 42 U.S.C. §§ 401 et seq. (Title II Disability Insurance Benefits), 1381 et seq. (Title XVI Supplemental Security Income). The term "disability" is defined as an

> [i]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months.

42 U.S.C. §§ 423(d)(1)(A) (Title II), 1382c(a)(3)(A) (Title XVI); 20 C.F.R. §§ 404.1505(a), 416.905(a); Barnhart v. Walton, 535 U.S. 212, 214 (2002); Abbott v. Sullivan, 905 F.2d 918, 923 (6th Cir. 1990).

The Commissioner has promulgated regulations setting forth a five-step sequential evaluation process for evaluating a disability claim. See "Evaluation of disability in general," 20

C.F.R. §§ 404.1520, 416.920. In summary, the evaluation proceeds as follows:

1)   Is the claimant engaged in substantial gainful activity?

2)   Does the claimant have a medically determinable impairment or combination of impairments that satisfies the duration requirement and significantly limits his or her ability to do basic work activities?

3)   Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within Appendix 1?

4)   Does the claimant have the residual functional capacity to return to his or her past relevant work?

5)   Does the claimant's residual functional capacity, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy?

Here, the ALJ denied Plaintiff's claim at the fifth step.

As previously mentioned, the Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1-3). At that point, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); see 42 U.S.C. § 405(h) (finality of the Commissioner's decision).

Review by the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. Section 405(g); Cotton v. Sullivan, 2 F.3d 692, 695 (6th Cir. 1993); Wyatt v. Sec'y of Health & Human Servs., 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied. Landsaw v. Sec'y of Health & Human Servs., 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Cotton, 2 F.3d at 695

(quoting <u>Casey v. Sec'y of Health & Human Servs.</u>, 987 F.2d 1230, 1233 (6th Cir. 1993)).   In reviewing a case for substantial evidence, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility."   <u>Cohen v. Sec'y of Health & Human Servs.</u>, 964 F.2d 524, 528 (6th Cir. 1992) (quoting <u>Garner v. Heckler</u>, 745 F.2d 383, 387 (6th Cir. 1984)).

B.

Plaintiff disagrees with the ALJ's Finding No. 4 (DN 17, Plaintiff's Fact and Law Summary at Page 6).   Finding No. 4 pertains to the third step in the sequential evaluation process. In Finding No. 4, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 15).   Plaintiff argues the opinions of treating physician Randy Cox, M.D., meet the requirements for Multiple Sclerosis, Listing 11.09 (DN 17, Plaintiff's Fact and Law Summary at Page 6).   The Commissioner argues Plaintiff has failed to prove her impairments satisfied any of the criteria in the listing for Multiple Sclerosis (D17, Commissioner's Fact and Law Summary at Page 4).

At the third step, a claimant has the burden of demonstrating she has an impairment that meets or medically equals a listing in Appendix 1. <u>See</u>, 20 C.F.R. §§ 404.1520(d), 416.920(d); <u>Burgess v. Sec'y of Health & Human Servs.</u>, 835 F.2d 139, 140 (6th Cir. 1987).   To meet a listing in Appendix 1, the medical records regarding the impairment must satisfy both the diagnosis and severity requirements for the listing. Social Security Ruling 96-5p; 20 C.F.R. §§ 404.1525(d), 416.925(d); <u>Hale v. Sec'y of Health & Human Servs.</u>, 816 F.2d 1078, 1083 (6th Cir. 1984).   If the impairment does not meet the severity requirements of a listing, then the Administrative Law Judge looks to the opinions of the state agency medical advisors and/or the opinion of a testifying

5

medical expert for guidance on the issue of whether the medical findings are at least equal in severity and duration to the listing findings. 20 C.F.R. §§ 404.1526(a) and (b), 416.926(a) and (b); Social Security Ruling 96-5p; Deters v. Sec'y of Health, Educ. & Welfare, 789 F.2d 1181, 1186 (5th Cir. 1986).

To meet Listing 11.09, a claimant must show:

(A) Disorganization of motor function as described in 11.04B1; or

(B) Visual or mental impairment as described under the criteria in 2.02, 2.03, 2.04, or 12.02; or

(C) Significant reproducible fatigue of motor function with substantial muscle weakness on repetitive activity, demonstrated on physical examination, resulting from neurological dysfunction in areas of the central nervous system known to be pathologically involved by the multiple sclerosis process.

20 C.F.R. Pt. 404, Subpt. P, App. 1, Listing 11.09.

Here, the ALJ found the opinions given by Dr. Cox do not meet the requirements of Listing 11.09 (Multiple Sclerosis). Dr. Cox gave generalized statements such as "[s]he has MS" and "[s]he is going to have balance issues and things like that" (Tr. 631, 633). Although his statements indicated a diagnosis of Multiple Sclerosis, his physical examinations of the Plaintiff during earlier treatment failed to satisfy the severity and duration requirements of Listing 11.09 (Tr. 566, 568-69, 576, 627, 631-33).

Paragraph A of the Listing requires "a significant and persistent disorganization of motor function in two extremities resulting in sustained disturbance of gross and dexterous movements, or gait and station." 20 C.F.R. Pt. 404, Subpt. P, App. 1, Listing 11.09A. This requirement is not satisfied because Dr. Cox's letter of May 19, 2011, indicates gait testing revealed normal walking,

1 Listing 11.04B requires "[s]ignificant and persistent disorganization of motor function in two extremities, resulting in sustained disturbance of gross and dexterous movements, or gait and station."

toe walking, and tandem walking (Tr. 569). Further, in his statement on December 7, 2011, Dr. Cox opined, "I think she is going to sometimes do quite well in gait and station . . . [t]here will be other times when she'll have problems" (Tr. 633). Moreover, when asked if Plaintiff had any disorganization of motor function or visual and mental impairment from the MS, Dr. Cox conceded that he had not performed any scales of impairment or related testing on Plaintiff (Tr. 633). Thus, Dr. Cox's observations indicated an occasional problem with gait and station that did not rise to the severity of "significant and persistent." 20 C.F.R. Pt. 404, Subpt. P, App. 1, Listing 11.09A.

Additionally, the criteria for Paragraphs B and C are not met. The undersigned carefully reviewed Dr. Cox's statement and observed that counsel did not ask about the paragraph C criteria (Tr. 633). Counsel did ask a compound question about the paragraph A and B criteria (Tr. 633). However, as mentioned above, Dr. Cox admitted he had not assessed Plaintiff's level of disorganization of motor function, the Paragraph A criteria (Tr. 633). Further, Dr. Cox never answered the second part of the question that focused on the paragraph B criteria (Tr. 633). Because Dr. Cox made no statements in his opinion addressing the paragraph B or C criteria, Listing 11.09 is not satisfied.

Since the severity requirements of the listing are not met, the ALJ was required to look to the opinions of the state agency medical advisors for guidance on the issue of whether the medical findings are at least equal in severity and duration to the listing findings. 20 C.F.R. §§ 404.1526(a) and (b), 416.926(a) and (b). The ALJ consulted state agency medical assessments by Sudhideb Mukherjee, M.D. (Tr. 23). Dr. Mukherjee found Plaintiff had no manipulative, communicative, or visual limitations (Tr. 117-18). The only environmental limitations identified by Dr. Mukherjee included avoiding exposure to hazardous machinery and unprotected heights (Tr. 118).

Dr. Mukherjee's assessments corroborate Dr. Cox's observations, and his medical findings are not equal in severity to the listing findings. Therefore, the undersigned finds the ALJ's conclusion that Plaintiff does not meet Listing 11.09 (Multiple Sclerosis) is supported by substantial evidence from the record.

## C.

Additionally, Plaintiff disagrees with Finding No. 5, which addresses the fourth step in the sequential evaluation process (DN 17, Plaintiff's Fact and Law Summary at Pages 1-2). Plaintiff claims the ALJ did not consider her physical and mental impairments in combination (DN 17, Plaintiff's Fact and Law Summary at Pages 1-2). Specifically, Plaintiff argues the ALJ failed to consider the physical limitations expressed by Dr. Cox in combination with the limitations imposed by her psychological impairments of panic disorder, agoraphobia, posttraumatic stress disorder, and bipolar disorder, taken from the medical opinion of Dr. Susan Lear, in assessing her residual functional capacity. Id. at 5.

A disability may result from multiple impairments, no one of which alone would constitute a full disability. Loy v. Sec'y of Health & Human Servs., 901 F.2d 1306, 1310 (6th Cir. 1990). However, an Administrative Law Judge's individual discussion of multiple impairments does not imply that she failed to consider the effect of the impairments in combination, where the Administrative Law Judge specifically refers to a "combination of impairments" in their factual findings. Gooch v. Sec'y of Health & Human Servs., 833 F.2d 589, 592 (6th Cir. 1987).

Here, the ALJ's Finding No. 3 expressly referred to "the following severe impairments" (plural) (Tr. 15). The list included both physical (multiple sclerosis, degenerative disc disease, hypothyroidism, migraine headaches) and psychological impairments (affective disorder). Id. The ALJ's Finding No. 4 also addressed both the Plaintiff's severe physical impairments and

mental impairment, specifically referring to a "combination of impairments" in finding Plaintiff does not meet a listing (Tr. 15). Finally, in Finding No. 5, the ALJ stated that she considered "the entire record" as well as gave a thorough summary of Plaintiff's medical assessments and treatment involving both physical and mental impairments (Tr. 16). Accordingly, the undersigned is compelled to reject Plaintiff's argument that her impairments were not considered in combination.

D.

Plaintiff also disagrees with Finding No. 5 because the ALJ discounted the opinion of Dr. Cox, a treating source (DN 17, Plaintiff's Law and Fact Summary at Pages 3-4). Here, the ALJ found Dr. Cox's opinion should not be given controlling weight because his opinion was not supported by his own treatment notes or any other substantial evidence (Tr. 23). Additionally, the ALJ accorded little weight to Dr. Cox's opinion for the same reasons (Tr. 23). Plaintiff contends the ALJ erred by failing to give controlling weight to Dr. Cox as a treating physician (DN 17, Plaintiff's Law and Fact Summary at Pages 3-4). On the other hand, Commissioner argues the ALJ identified good reasons supported by the record for not giving Dr. Cox's opinions controlling weight (DN 18, Commissioner's Fact and Law Summary at Page 8).

At the fourth step in the sequential evaluation process, the administrative law judge makes findings regarding the weight assigned to the medical source statements in the record. 20 C.F.R. §§ 404.1527(c), 416.927(c). Administrative law judges are required by the regulations to evaluate every medical opinion in the record, beginning with a determination whether to assign controlling weight to the medical opinion of the treating source. Id. The source of the medical opinion dictates the process by which the Commissioner accords its weight. Gayheart v. Commissioner, 710 F.3d 365, 376 (6th Cir. 2013). Generally, the opinion of an examining physician is entitled to

less weight than the opinion of a treating physician, and the opinion of a non-examining state agency physician is entitled to the least weight of all. 20 C.F.R. §§ 404.1527(c)(1), (c)(2), and (e), 416027(c)(1), (c)(2), and (e); Social Security Ruling 96-6p.

Treating source opinions must receive controlling weight when two conditions are met: (1) the medical opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques"; and (2) the medical opinion "is not inconsistent with other substantial evidence in . . . [the] case record." 20 C.F.R. §§ 404.1527(c)(2); Gayheart, 710 F.3d at 376. The Commissioner is required to provide "good reasons" for discounting the weight given to a treating source opinion. 20 C.F.R. § 404.1527(c)(2). These reasons "must be 'supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'" Gayheart, 710 F.3d at 376 (citing Social Security Ruling 96-1p, 1996 WL 374188, at *5 (Soc. Sec. Admin. July 2, 1996)).

Dr. Cox's opinion did not receive controlling weight because the ALJ found the opinion lacked support from the objective observations and test results in the doctor's own treatment notes. Dr. Cox, a neurologist, rendered his medical opinion regarding Plaintiff's physical limitations on December 7, 2011 (Tr. 631). Dr. Cox concluded that Plaintiff is unable to perform a full-time job because of frequent absences due to fatigue and significant migraine headaches (Tr. 631-33). Additionally, he opined that Plaintiff will have balance issues and a disturbance of gross movement "to some extent" (Tr. 633). However, Dr. Cox's treatment notes did not contain objective observations of these symptoms. Instead, his treatment notes indicated Plaintiff has a normal gait, good bilateral strength, and no significant abnormalities (Tr. 569).

Additionally, an MRI ordered by Dr. Cox in May 2011 revealed no significant changes in

Plaintiff's white matter as compared to results of an earlier MRI from March 2009 (Tr. 567). An additional MRI in October 2011 again revealed no significant changes in white matter, with Dr. Cox noting "[e]verything has come back unremarkable" (Tr. 603, 627). For the ALJ, it was important that the recent MRI results showed no change in Plaintiff's condition since long before she claimed to be disabled (Tr.23). The ALJ concluded objective evidence shows her condition has not become worse over time (Tr. 23).

Further, the ALJ concluded Dr. Cox's opinion fails to satisfy the second requirement of the treating physician rule because his opinion is inconsistent with other substantial evidence in the record (Tr. 23). When Endocrinologist Zouhair Bibi, M.D. treated Plaintiff in January 2011, he documented no objective findings or treatment related to her complaints of lower back pain (Tr. 735-36, 740-41). Plaintiff also made numerous trips to the emergency room, before and after treatment by Dr. Cox, where treating sources indicated no abnormalities upon examination and diagnostic imaging (Tr. 425, 431, 440, 457, 481). Emergency room staff recorded a variety of symptoms during Plaintiff's frequent visits, including: abdominal pain, headache, eye infection, sinusitis, and contact dermatitis, but notably no abnormal gait or motor strength observations. (Tr. 446, 450, 460, 465). Dr. Krishna Nadar also examined Plaintiff in May 2011 and found normal gait and posture, motor component, and sensory component (Tr. 641). Accordingly, the ALJ's findings comport with the rule because she set forth "good reasons" for not according controlling weight to Dr. Cox's opinions, and those "good reasons" are supported by substantial evidence. Further, the ALJ's decision to accord "little weight" to Dr. Cox's opinion is supported by substantial evidence and comports with applicable law.

Plaintiff argues the ALJ used improper conjecture and made independent medical findings regarding Dr. Cox's treatment records and opinion (DN 17, Plaintiff's Fact and Law Summary at

Page 4).   Plaintiff believes the ALJ's finding that Dr. Cox's treatment notes conflict with his medical opinion is an independent medical finding, exceeding the ALJ's authority.   The Social Security Act instructs that the Administrative Law Judge—not a physician—ultimately determines a claimant's Residual Functional Capacity (RFC). 42 U.S.C. § 423(d)(5)(B); see also <u>Nejat v. Comm'r of Soc. Sec.</u>, 359 Fed. App'x. 574, 578 (6th Cir. 2009).   An Administrative Law Judge does not improperly assume the role of a medical expert by weighing the medical and non-medical evidence before rendering an RFC finding. <u>Codiron v. Comm'r of Soc. Sec.</u>, 391 F. App'x 435, 439 (6th Cir. 2012).   The Administrative Law Judge also has a duty to resolve conflicts in the evidence in their determination.   <u>See Richardson v. Perales</u>, 402 U.S. 389, 399 (1971).   As demonstrated above, the ALJ properly evaluated and identified the discrepancy between Dr. Cox's treatment notes and his medical opinion.   The ALJ acted within her discretion to resolve the conflicts in the evidence.

E.

Plaintiff also challenges the part of Finding No. 5 where the ALJ determined the claimant's statements at the administrative hearing and statements to Dr. Cox and Dr. Lear were not credible. Specifically, the ALJ found Plaintiff's statements concerning the intensity, persistence, and limiting effects of these symptoms are not credible to the extent they are inconsistent with the residual functional capacity assessment (Tr. 22).   Plaintiff argues the ALJ discounted her testimony as a lay witness without articulating valid reasons for doing so (D17, Plaintiff's Fact and Law Summary at Page 5). The Commissioner contends the Plaintiff's argument on the issue is undeveloped and conclusory, therefore should be deemed waived (D18, Commissioner's Fact and Law Summary at Page 11).

It is well-established that "issues adverted to in a perfunctory manner, unaccompanied by

12

some effort at developed argumentation, are deemed waived." United States v. Layne, 192 F.3d 556, 566 (6th Cir. 1999) (quoting McPherson v. Kelsey, 125 F.3d 989, 995-96 (6th Cir. 1997)). Arguably, Plaintiff has waived the issue by failing to develop the argument in her memorandum. Nonetheless, the undersigned has reviewed the record and finds the ALJ's credibility findings are supported by substantial evidence in the record and comport with the applicable law.

At the fourth step of the sequential evaluation process, the Administrative Law Judge considers the subjective allegations of pain and makes credibility findings. 20 C.F.R. §§ 404.1529, 416.929; Social Security Ruling 96-7p.   After an Administrative Law Judge determines there is objective medical evidence of an underlying medical condition, she must determine "(1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such severity that it can reasonably be expected to produce the alleged disabling pain." Duncan v. Sec'y of Health & Human Servs., 801 F.2d 847, 853 (6th Cir. 1986).   Here, the ALJ determined the objective medical evidence does not support Plaintiff's subjective allegations of pain and other symptoms.   Therefore, the ALJ appropriately considered the discrepancies between Plaintiff's testimony and other evidence in the record in determining that Plaintiff was less than fully credible (Tr. 22-23); 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3).   The undersigned concludes substantial evidence in the record supports the ALJ's findings regarding the credibility of Plaintiff's subjective statements regarding pain and other limitations.   Additionally, the ALJ's findings comport with the applicable law.

<u>ORDER</u>

**IT IS HEREBY ORDERED** that the final decision of the Commissioner is **AFFIRMED.**

This is a final and appealable Order and there is no just cause for delay.

Copies:        Counsel